United States Court of Appeals,

Eleventh Circuit.

Nos. 95-6724, 95-6725.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth P. DUDLEY, John Perkins, a.k.a. Jumiah I. Perkins, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

Charles Roderick WILSON, Defendant-Appellant.

Jan. 6, 1997.

Appeals from the United States District Court for the Northern District of Alabama. (No. CR-95-PT-76-W), Robert B. Propst, Judge.

Before TJOFLAT and DUBINA, Circuit Judges, and STAGG[*], Senior District Judge.

PER CURIAM:

This case involves an armed robbery of a Tuscaloosa, Alabama, bank. Appellants Charles Roderick Wilson ("Wilson"), Kenneth P. Dudley ("Dudley") and John Perkins ("Perkins") (collectively "the defendants") were charged in a multi-count federal indictment. Wilson and Dudley were charged in Count One with armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); in Count Two with using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and in Count Three with carrying and using a dye bomb to commit armed robbery, in violation of 18 U.S.C. § 844(h)(1). Perkins was charged with the same offenses as well as a charge of felon in possession of a firearm,

[*]Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by designation.

in violation of 18 U.S.C. § 922(g) (Count Four). The district court severed Dudley and Perkins' trial from Wilson's trial. After a trial by jury, Dudley was convicted on Counts One and Two and Perkins was convicted on Counts One, Two and Four. The government did not pursue the dye bomb count during the Wilson trial due to evidence that the device was not an explosive, as contemplated by the statute. Wilson entered a plea of not guilty by reason of insanity and, after a trial by jury, was convicted on Counts One and Two. The defendants then perfected their appeals.

## I. *BACKGROUND FACTS*

On March 17, 1995, at 4:25 p.m., bank tellers Flo Criss ("Criss"), Darlene Hutson ("Hutson"), Yvonne Crackin ("Crackin"), Paige Bailey ("Bailey"), and Martha Lord ("Lord") were at work at the First State Bank, University Mall Branch, in Tuscaloosa, Alabama. Criss asked two black male customers if she could help them at which time one of them pulled a gun and announced a stick-up. He then grabbed Criss by her neck, told her she would be killed, and forced her to the floor. During the robbery a shot was fired and a dye bomb detonated. Criss identified Wilson in open court as the man who vaulted the teller counter and accosted her. All of the bank employees feared for their lives. Specifically, the defendants pushed all of the bank tellers to the floor and threatened them to keep their heads down or they would be shot.

During the robbery, four bank surveillance cameras operated continuously at five second intervals, revealing three men at various locations inside the bank. A bystander in the mall parking area observed what he thought was a bank robbery and, after hearing

a gun shot, telephoned 911.  He also saw three black males flee in a black Chevrolet Lumina with an Illinois tag.

Isom Thomas ("Thomas"), Chief Deputy of the Green County Sheriff's Office, was on the look out for a vehicle with an Illinois tag occupied by three black males who had just robbed a bank in Tuscaloosa.  He spotted the vehicle on Interstate 59-20 and engaged in a high speed chase, at times approaching speeds of 100 to 120 miles per hour.  The defendants' vehicle went airborne at one point as it crossed a railroad track.  The chase caused other vehicles to run off the road.  Finally, the Lumina crashed into a tree, and the defendants ran into the woods.  After a search for the suspects that involved the Alabama State Troopers, Tuscaloosa SWAT Team, Sumter County Sheriff's Department, Pickens County Sheriff's Department, and the Eutaw Police, the defendants were apprehended.  The defendants had in their possession bullet proof vests and were heavily armed.  Police found cash in a black back pack outside the passenger door of the Lumina which contained several bills with serial numbers matching the bank's bait list.

In addition, Perkins gave a post-arrest, written statement to the authorities commenting on his participation in the crime. Three firearms found in the possession of the defendants were operable and were admitted into evidence at trial.  The getaway vehicle was registered to Wilson's mother, who resided in Chicago, Illinois.  It was later determined that the vehicle was jointly owned by Wilson and his mother.

## II. *ISSUES*

The defendants present the following issues for appellate

review: (1) whether the government presented sufficient evidence to convict Dudley of armed bank robbery and possession of a firearm while committing a crime of violence; (2) whether the district court erred in admitting into evidence .45 caliber ammunition contained in a bag and listed on an inventory sheet, where both bag and sheet were in evidence; (3) whether the government presented sufficient evidence to convict Perkins of using a firearm while committing a crime of violence; (4) whether the government presented sufficient evidence to convict Perkins of the crime of a felon in possession of a firearm; and (5) whether the district court erred by increasing Wilson's offense level under the sentencing guidelines by 2 points because the robbery was of a financial institution.

### III. *STANDARDS OF REVIEW*

We review sufficiency of the evidence claims in the light most favorable to the government, drawing all reasonable inferences and making all credibility determinations in support of the jury's verdict. *United States v. Thomas,* 987 F.2d 697, 701 (11th Cir.1993).

We review district courts' rulings on the admission of evidence for abuse of discretion. *Joiner v. General Elec. Co.,* 78 F.3d 524, 529 (11th Cir.1996), *pet. for cert. filed,* 65 U.S.L.W. 3110 (Aug. 5, 1996).

We review interpretations of the sentencing guidelines *de novo. United States v. Goolsby,*908 F.2d 861, 863 (11th Cir.1990). Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect

the kind of harm that has already been fully accounted for by another part of the guidelines. *United States v. Alexander,* 48 F.3d 1477, 1492 (9th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 210, 133 L.Ed.2d 142 (1995). "Double counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because "each section concerns conceptually separate notions related to sentencing.' " *United States v. Adeleke,* 968 F.2d 1159, 1161 (11th Cir.1992) (citations and quotations omitted).

## IV. *DISCUSSION*

After reviewing the record in this case, we conclude that the defendants' arguments concerning the first four issues are meritless and require no further discussion.[1] However, the sentencing issue—whether the district court properly increased Wilson's offense level by two points under U.S.S.G. § 2B3.1 because the robbery was of a financial institution—requires discussion.[2]

Wilson correctly points out that he was sentenced for bank robbery. The district court increased his sentence by two points under subsection (b)(1) because the property was taken from a

---

[1] See 11th Cir.R. 36-1.

[2] U.S.S.G. § 2B3.1 provides in relevant part:

*Robbery*

(a) Base Offense Level:  20

(b) Specific Offense Characteristics

    (1) If (A) the property of a financial institution or post office was taken, or if the taking of such property was an object of the offense, or (B) the offense involved carjacking, increase by 2 levels.

financial institution. Wilson contends that such enhancement was improperly duplicative because his offense level already fully accounted for the level of culpability ascribed to the crime of bank robbery. He relies on *United States v. Morrill,* 984 F.2d 1136 (11th Cir.1993), as addressing a "similar" issue.

Wilson's argument is misplaced. *Morrill* dealt with the issue of whether individual bank tellers are vulnerable victims. That was the sole issue presented in the case and that is not the issue presented here. However, *United States v. Alexander,* 48 F.3d 1477 (9th Cir.1995) is directly on point. There, the Ninth Circuit determined that the Sentencing Commission sought to punish robberies of financial institutions and post offices more severely because those entities typically keep large amounts of readily available cash and therefore are particularly attractive as robbery targets. The *Alexander* court concluded that defendants bear the burden of demonstrating that the guideline provision is irrational. The Eighth Circuit reached the same conclusion in *United States v. McNeely,* 20 F.3d 886, 888 (8th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 171, 130 L.Ed.2d 107 (1994). In the present case, we are likewise persuaded that Wilson has failed to meet his burden.

Although we have not addressed this sentencing issue of first impression in our circuit, we find the reasoning of our sister circuits persuasive and hold that the district court did not err by increasing Wilson's offense level by two points because the robbery was of a financial institution. Accordingly, we affirm the defendants' convictions and sentences.

AFFIRMED.