[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-11456
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2005
THOMAS K. KAHN
CLERK

D.C. Docket Nos. 03-20769-CR-DMM & 03-20285 CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS HERNANDEZ CARBALLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2005)

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Luis Hernandez Carballo appeals his ten-month sentence imposed pursuant

to his plea of guilty for failure to appear, in violation of 18 U.S.C. § 3146(a)(1).

Prior to committing this offense, Carballo was charged in a separate action with

three offenses, including possession of stolen goods, in violation of 18 U.S.C. § 659. After he was released on bond, he failed to make a scheduled court appearance. As a result, Carballo was charged with failure to appear.

## I. BACKGROUND

Carballo pled guilty to both counts: possession of stolen goods and failure to appear. The district court consolidated his cases for sentencing purposes, grouped the two offenses under Chapter 3, Part D of the guidelines, and sentenced him to a total of 56 months' imprisonment for both counts. *See* U.S.S.G. §§ 3D1.1, 3D1.2 (2003); *see also* U.S.S.G. § 2J1.6, application note 3. Because the statute concerning failures to appear required a consecutive sentence for the failure to appear conviction, the court split Carballo's sentence between the two offenses, sentencing him to 46 months on his stolen goods offense and 10 months on the failure to appear offense. Carballo appealed. In an unpublished opinion, we affirmed Carballo's 46-month sentence for possession of stolen goods. *See United States v. Carballo*, No. 04-11457 (11th Cir. Oct. 26, 2004). We now consider his 10-month sentence for failure to appear.

## II. ISSUES

Carballo argues that his ten-month consecutive sentence for failure to appear was not sufficiently individualized to avoid excessive sentencing disparity

and does not accomplish the goals of 18 U.S.C. § 3553(a). Thus, he challenges the district court's interpretation of the guidelines, asserting that his failure to appear was accounted for through a two-level increase for obstruction of justice, and imposing a consecutive sentence results in impermissible double counting.[1] He also claims that the sentence for his stolen goods offense would have been "dramatically" less under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), since he received enhancements for amount of loss and possession of a weapon, which were neither admitted by him nor determined by a jury.

### III. STANDARDS OF REVIEW

We review interpretations of the sentencing guidelines *de novo*. *United States v. Goolsby*, 908 F.2d 861, 863 (11th Cir. 1990).

Because Carballo failed to object to the district court's application of the guidelines, we review his sentence for plain error. *United States v. Shelton*, 400 F.3d 1325, 1328-29 (11th Cir. 2005). To prevail under plain error review, Carballo must establish that there is (1) an error, (2) that is plain, (3) affects his substantial rights, and (4) seriously affects the fairness, integrity, or public

---

[1] To the extent that Carballo challenges the enhancements he received pursuant to his sentence for the underlying conviction for possession of stolen goods, we dismiss his appeal. Because we previously affirmed his conviction and sentence on that count, these objections are not properly before this court. *Carballo*, No. 04-11457.

reputation of judicial proceedings.  *United States v. Rodriguez*, 398 F.3d 1291,

1298 (11th Cir. 2005), *petition for cert. filed*, 73 U.S.L.W. 3531 (U.S. Feb. 25,

2005) (No. 04-1148).

## IV.  DISCUSSION

### A.    Double-Counting

"Impermissible double counting occurs when one part of the guidelines is

applied to increase a defendant's sentence to reflect the kind of harm that has

already been fully accounted for by another part of the guidelines."  *United States*

*v. Dudley*, 102 F.3d 1184, 1186 (11th Cir. 1997).  By contrast, we have held that

"[d]ouble counting a factor during sentencing is permissible if the Sentencing

Commission intended the result, and if the result is permissible because each

section concerns conceptually separate notions related to sentencing."  *Id.* (internal

quotations and citation omitted).

Section 3146(b)(2) provides that a sentence imposed for failure to appear

must run consecutively to the sentence imposed for another offense.  18 U.S.C. §

3146.  In addition, the sentencing guideline that applies to the offense of failure to

appear specifically contemplates grouping offenses together under U.S.S.G. §

3D1.2(c) to determine"total punishment."  The Sentencing Commission instructed

district courts to determine this "total punishment" by enhancing the sentence of

4

the underlying offense pursuant to § 3C1.1, Obstructing or Impeding the Administration of Justice. *See* U.S.S.G. § 2J1.6 application note 3. The resulting "total punishment" was intended to satisfy the requirements of both the sentencing guideline for multiple counts, found in § 5G1.2, and the requirement that the sentence for failure to appear run consecutively to the sentence for the underlying count. *See id.*

By splitting the "total punishment" of 56 months into two distinct, concurrent sentences, the district court did as instructed, yielding a result that was clearly intended by the Sentencing Commission. The court did not double count, impermissibly or otherwise, because it did not take into account the conduct underlying the failure to appear more than once.

**B.**  ***Booker/Blakely***

We have explained that there are two types of *Booker* error: (1) a Sixth Amendment error – the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error – the error of being sentenced under a mandatory guidelines system. *Shelton*, 400 F.3d 1330-31. We construe Carballo's brief liberally and conclude that he has raised both types of error.

**1.**  **Sixth Amendment Error**

Carballo asserts that the enhancement he received for possession of a weapon in relation to his possession of stolen goods offense violated the Sixth Amendment because that fact was found neither by a jury nor admitted by him. We decline to address this issue as we have already addressed it in our previous decision.[2]  Carballo has alleged no other violations of the Sixth Amendment.

Nevertheless, even if we were to consider Carballo's objection, we would find no Sixth Amendment error because the enhancement was based on facts in the presentence investigation report (PSI) to which Carballo abandoned his factual objections.  *Id.* at 1330.  Thus, those facts – including Carballo's possession of a firearm – are admitted facts, and the district court's reliance on them does not violate the Sixth Amendment.  *Id.*

## 2.    Statutory Error

Carballo also claims that the district court erred by imposing a sentence pursuant to a mandatory sentencing scheme.  Though the district court's sentence constitutes plain error, *see, e.g., id.*, Carballo has not carried his burden to show that his substantial rights were affected by the error.[3]  Because Carballo cannot

---

[2] *See supra* note 1.

[3] In attempting to make the required showing, Carballo states simply that "[t]his sentence was not harmless error."  Without more, Carballo cannot meet his burden of showing that his sentence would have been different.

show a reasonable probability of a different result, we find no statutory *Booker*

error. *See Rodriguez*, 398 F.3d at 1300-01.

## V. CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible

error. Therefore, we affirm Carballo's 10-month sentence for failure to appear.

**AFFIRMED.**