[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2006
THOMAS K. KAHN
CLERK

No. 05-12646
Non-Argument Calendar
_____

D. C. Docket No. 93-00222-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO TORRES,
a.k.a. Negro,

Defendant-Appellant.

_____

No. 05-12651
Non-Argument Calendar
_____

D. C. Docket No. 91-00554-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO TORRES,
a.k.a. Negro,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(September 1, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Ricardo Torres appeals his 324-month sentence for drug trafficking offenses, contempt of court and failure to appear for sentencing. Upon careful review of the record and consideration of the parties' briefs, we discern no reversible error in Torres's sentence.

## I. Background

In 1991, an eight-count indictment charged Torres, along with several co-defendants, with: (1) conspiracy to import cocaine, in violation of 21 U.S.C. § 963 (Count 5); (2) importation of cocaine, in violation of 21 U.S.C. § 952(a) (Count 6); (3) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 7); and (4) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 8). Torres pled guilty to Counts 5 through 8 but failed to appear for sentencing. As a result, a warrant was issued for his arrest.

In 1993, Torres was charged with: (1) failing to report for sentencing in

disobedience of a court order, in violation of 18 U.S.C. § 401(3) (Count 1); and

(2) failing to appear for sentencing after being released, in violation of 18 U.S.C.

§ 3146(a)(1) (Count 2). He ultimately was arrested on January 10, 2005, and pled

guilty to both counts in the second indictment.[1]

According to the Presentence Investigation Report ("PSI"), in 1991 Torres

was involved in a conspiracy to smuggle 500 kilograms of cocaine, and the actual

smuggling of 285 kilograms of cocaine, into the United States. The PSI grouped

Counts 1 and 2 together pursuant to USSG § 3D1.2(d) (offense level determined

on the basis of quantity of substance) and Counts 5 through 8 together pursuant to

§ 3D1.2(a) (counts involve same victim and same act or transaction). Because

Torres was responsible for 150 kilograms or more of cocaine, the PSI set his base

offense level at 38.

The PSI then combined all of the counts into a single group, pursuant to §

3D1.2(c), because the failure to appear charges embodied conduct that was treated

as a specific offense characteristic in, or adjustment to, the guideline applicable to

the drug counts. Because Torres's failure to appear constituted obstruction under §

3C1.1, he was given a two-level enhancement of his base offense level, resulting in

a base offense level of 40.

_____

[1] The two cases involving the 1991 and 1993 charges were consolidated below for sentencing, and we granted Torres's motion to consolidate them on appeal.

3

Furthermore, the PSI gave Torres two criminal history points for a 2004 state court conviction for possession of marijuana and giving a false name upon arrest and, accordingly, found that Torres did not qualify for safety-valve relief pursuant to § 5C1.2(a)(1). The PSI made no adjustments for role or acceptance of responsibility. With a total offense level of 40 and a criminal history category of II, Torres's guideline range of imprisonment was 324 to 405 months.

The PSI further noted that, although it did not appear from Torres's current financial situation that he would be able to pay a fine, he would be able to pay a fine through the Inmate Financial Responsibility Program ("IFRP") given the length of his incarceration.

Torres objected to the PSI, arguing that: (1) the consolidation of his two cases yielded a greater penalty than he would have received had he been sentenced separately for each case; (2) he should have received reductions for acceptance of responsibility and having a minor role; and (3) the court should find him eligible for safety-valve relief because he recently had filed a meritorious motion to vacate his state conviction for marijuana possession.[2]

The district court, indicating that it was considering Torres's objections under an advisory guidelines system and in relation to the factors set out in 18

_____

[2] At sentencing, Torres noted that he expected the state marijuana conviction to be overturned based on an ineffective assistance of counsel claim.

U.S.C. § 3553(a), denied Torres's objections. The court sentenced Torres to 324 months' imprisonment, consisting of 312 months' imprisonment for the drug charges and a consecutive 12-month term for Counts 1 and 2. The court also ordered Torres to pay a fine of $10,500; the court did not indicate that the fine should be paid in installments.

## II. Discussion

On appeal, Torres argues: (1) the district court plainly erred, under United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence based on a quantity of drugs that was not charged in the indictment; (2) the district court engaged in impermissible "double-counting" because it applied a two-level obstruction-of-justice enhancement to his sentence for the drug trafficking offenses based on his failure to appear at sentencing for those offenses in addition to imposing a consecutive sentence for his failure to appear; (3) the district court erred by finding that Torres was ineligible for safety-valve relief; (4) the district court plainly erred in imposing a $10,500 fine.[3]

Quantity of Drugs Challenge

---

[3]Although Torres purports to challenge the district court's failure to award him a minor-role sentencing reduction and a reduction for acceptance of responsibility, he offers no argument as to these issues. Accordingly, we deem these issues abandoned. See United States v. Ford, 270 F.3d 1346, 1347 (11th Cir. 2001).

Torres argues the court illegally enhanced his sentence based on a drug amount that was not charged in the indictment, admitted by him, or proved by direct testimony.

Because Torres did not challenge his sentence based on Booker, or raise any challenge to the legality of his sentence below, we review for plain error. See United States v. Simpson, 228 F.3d 1294, 1298 (11th Cir. 2000). To constitute plain error, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). When these three factors are met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. Id.

After Booker, "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Id. (emphasis omitted) (citing Booker, 543 U.S. at 231-45). Where a defendant does not raise a factual objection to the PSI, the facts are deemed admitted, and there is no Booker error. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

We review sentences for reasonableness, and under this review, we must

6

"determine whether the sentence imposed by the district court was reasonable in the context of the factors outlined in 18 U.S.C. § 3553(a)." United States v. Scott, 426 F.3d 1324, 1328 (11th Cir. 2005) (internal quotations and citation omitted). We have held that, after Booker, "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing," and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (emphasis omitted).

Because Torres did not object to the PSI and thus is deemed to have admitted the drug quantity used to enhance his sentence, and because he was sentenced under an advisory guidelines scheme, the court did not commit plain error in enhancing his sentence. In addition, Torres's sentence was reasonable, as the district court correctly calculated the guideline range, stated that it had considered the § 3553(a) factors, and imposed a sentence at the low end of the advisory guideline range. See United States v. Scott, 426 F.3d 1324, 1330 (11th Cir. 2005).

Double-Counting

Next, Torres argues that the district court engaged in "double counting" when it imposed both an enhancement for obstruction of justice and a consecutive

7

sentence for the same act of failing to appear at sentencing.

We review double-counting claims de novo. United States v. Matos-Rodriguez, 188 F.3d 1300, 1310 (11th Cir. 1999). "Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." United States v. Dudley, 102 F.3d 1184, 1186 (11th Cir. 1997). By contrast, we have held that "[d]ouble counting a factor during sentencing is permissible if the Sentencing Commission intended the result, and if the result is permissible because each section concerns conceptually separate notions related to sentencing." Id. (internal quotations and citation omitted).

If a defendant is convicted of both a failure to appear and the underlying offense, the Sentencing Guidelines direct the district court to determine the applicable guideline range by (1) grouping the offenses together under U.S.S.G. § 3D1.2(c), and (2) treating the failure to appear as an obstruction of justice and applying the obstruction-of-justice enhancement found at U.S.S.G. § 3C1.1. See U.S.S.G. § 2J1.6, comment. (n.3). Further, § 3146(b)(2) requires that any term of imprisonment imposed for a failure to appear must run consecutively to the imprisonment term for the underlying offense, and the Sentencing Guidelines instruct the court to impose consecutive sentences in a manner that achieves the

8

"total punishment" determined by the court.  See 18 U.S.C. § 3146(b)(2); U.S.S.G. § 2J1.6, comment. (n.3).

Because the district court followed the procedure outlined in the guidelines for calculating Torres's guideline range and Torres's total sentence took his conduct in failing to appear for sentencing into account only once, the court committed no impermissible "double counting."

Safety-Valve

Torres also argues that the district court should have given him a two-point reduction, pursuant to U.S.S.G. § 2D1.1(b)(7), because he met the criteria for "safety-valve" relief,  pursuant to U.S.S.G. § 5C1.1, as he did not have any criminal history points at the time he committed the offenses in the 1991 and 1993 indictments.  He asserts that his 2004 conviction should not have been counted as part of his prior criminal history because it occurred after he was indicted for the instant offenses.

Although Torres objected below to the district court's failure to award him safety-valve relief, he never made the argument, as he does now on appeal, that his 2004 conviction did not qualify as a "prior conviction" under the guidelines. Accordingly, we will review the instant issue for plain error only. See Rodriguez, 398 F.3d at 1298.

9

Under U.S.S.G. §§ 4A1.1 and 4A1.2(a)(1), the sentencing court calculates a defendant's criminal history category by assessing criminal history points based on "prior sentences." U.S.S.G. §§ 4A1.1 and 4A1.2(a)(1). The comments explain that a prior sentence is "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." U.S.S.G. § 4A1.2, comment. (n.1). We have held that "[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." United States v. Hunerlach, 258 F.3d 1282, 1283 (11th Cir. 2001).

The guidelines' "safety-valve" provision permits the district court to impose a sentence below a statutory minimum sentence if it finds that the defendant meets the five requirements set forth in U.S.S.G. § 5C1.2(a). The only eligibility requirement relevant to the instant case is that "the defendant does not have more than [one] criminal history point . . . ." U.S.S.G. § 5C1.2(a)(1). In addition, if a defendant's sentence is calculated under U.S.S.G. § 2D1.1, and he qualifies for the benefits of the safety-valve provision, he is entitled to a two-level reduction in his offense level. U.S.S.G. § 2D1.1(b)(6).

Because Torres's 2004 conviction and sentence occurred prior to his

10

sentencing in this case and did not involve the same conduct as the instant offenses, the district court properly found that Torres had two criminal history points and was ineligible for "safety-valve" relief.

Imposition of Fine

Finally, Torres asserts that the district court erred regarding the imposition of a $10,500 fine against him because the court failed to consider his financial circumstances in determining the fine amount and payment plan.[4] He further argues that, by failing to establish a payment schedule for him, the district court improperly delegated its authority to do so to the Bureau of Prisons ("BOP").

Because Torres failed to challenge the imposition of a fine in the district court, we review for plain error. See Rodriguez, 398 F.3d at 1298.

Under the Sentencing Guidelines, the imposition of a fine is mandatory unless "the defendant establishes that he is unable to pay and is not likely to become able to pay." U.S.S.G. § 5E1.2(a). The defendant bears the burden of proving inability to pay a fine. See United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998). In determining the amount of the fine, the district court must consider eight factors, including the evidence presented as to the defendant's

---

[4] The statutory maximum fine is $4,000,000 for Counts 5 through 8 and $250,000 for Count 2. 18 U.S.C. § 3571(b)(3), 21 U.S.C. §§ 841(b)(1)(A)(ii) & 960(b)(1)(B). As to Count 1, the fine is discretionary. 18 U.S.C. § 401.

11

ability to pay. U.S.S.G. § 5E1.2(d). The district court need not make specific findings concerning these factors, and we will affirm if the record indicates that the district court considered the pertinent factors in imposing a fine. See Hernandez, 160 F.3d at 665-66.

When a district court imposes a fine or other monetary penalty, such penalty is ordinarily payable immediately. See 18 U.S.C. § 3572(d)(1). However, a district court may permit payment on a date certain or payment in installments. Id. When a district court does not require immediate payment, payment must take place within "the shortest time in which full payment can reasonably be made." Id. § 3572(d)(2).

Here, the $10,500 fine was below the statutory maximum and at the low end of the guidelines' range. Moreover, although the district court did not specifically delegate to the BOP the authority to determine a payment schedule, that does not preclude the BOP from using the IFRP to collect Torres's court-ordered fine. See, e.g., Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that Bureau of Prisons may administer collection of payments through IFRP where sentencing court orders immediate payment); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999) (same).

Thus, because Torres failed to prove that he lacked the future ability to pay

12

the fine and the district court did not improperly delegate the responsibility for establishing a payment schedule, the court did not plainly err in imposing the fine.

Accordingly, we **AFFIRM** Torres's total 324-month sentence, including the fine.