[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13691
Non-Argument Calendar

_____

D. C. Docket No. 02-20370-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX RAMON ALCANTARA,
a.k.a. Felo,

Defendant-Appellant.

_____

No. 06-13692
Non-Argument Calendar

_____

D. C. Docket No. 03-20825-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX RAMON ALCANTARA,

                                            Defendant-Appellant.
                    _____

                    Appeals from the United States District Court
                         for the Southern District of Florida
                    _____

                              **(December 3, 2007)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Felix Ramon Alcantara appeals his consecutive 38-month sentence for

conspiracy to distribute MDMA ("ecstasy") and 18-month sentence for failure to

appear.  He argues, for the first time on appeal, that the district court erred in

imposing a cumulative term of imprisonment that exceeds the applicable advisory

Guidelines range.  After careful review of the record and the parties' briefs, we

discern no error and therefore, affirm.

                              **BACKGROUND**

In April 2002, a federal grand jury indicted Alcantara for one count of

conspiracy to possess with intent to distribute ecstasy, in violation of 21 U.S.C. §

846, one count of possession with intent to distribute ecstasy, in violation of 21

U.S.C. § 841(a)(1) and (a)(2), and one count of attempt to possess with intent to

distribute ecstasy, in violation of 21 U.S.C. § 846. While released on bond in June 2002, Alcantara failed to appear for trial, and remained a fugitive until 2006, when he was apprehended. A grand jury subsequently indicted Alcantara for failure to appear at trial, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i).

Alcantara entered into a plea agreement, in which he agreed to plead guilty to the drug conspiracy count and the failure to appear charge; in exchange, the government would move to dismiss the remaining drug counts. Alcantara agreed to waive his right to an appeal unless (1) the government appealed, (2) he was sentenced above the statutory maximum, or (3) his sentence was based on an upward departure from the Guidelines range determined by the district court. He subsequently pleaded guilty, in accordance with his agreement.

To determine Alcantara's advisory Guidelines range, the district court grouped the drug conspiracy count and the failure to appear charge, pursuant to U.S.S.G. § 3D1.2(c),[1] which provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group. . . . [w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or

---

[1] Because Alcantara was sentenced on June 8, 2006, all citations to the sentencing commission guidelines, policy statements, commentary, and amendments thereto, are to United States Sentencing Commission, *Guidelines Manual* (2005), which was in effect on that date.

other adjustment to, the guideline applicable to another of the counts."[2]  The court then used the drug conspiracy count to determine the base offense level and treated the failure to appear charge  as a specific offense characteristic, adding two levels per the obstruction of justice adjustment under U.S.S.G. § 3C1.1.  After calculating an advisory Guidelines range of 37–46 months, the district court imposed a within-Guidelines sentence of 38 months for the drug count and a consecutive 18-month sentence for the failure to appear count, pursuant to 18 U.S.C. § 3146(b)(2) and application note 3 to U.S.S.G. § 2J1.6.[3]  The consecutive sentences resulted in a total term of imprisonment of 56 months.

Alcantara concedes that the district court correctly calculated the advisory Guidelines range and properly imposed consecutive sentences.  He argues, however, that the district court erred in determining the length of imprisonment for the failure to appear offense because that sentence, when added to the sentence for

---

[2] Although Alcantara was charged with drug conspiracy and failure to appear in separate indictments, he ultimately pleaded guilty to both charges at the same plea hearing and was sentenced for both charges at the same sentencing hearing.  The district court issued two separate judgments (See R1-92 for D.C. Case No. 02-20370; R1-26 for D.C. Case No. 03-20825), but treated both charges as "counts" for purposes of sentencing.  Because the record contains two identical copies of the plea and sentencing hearings, any citations herein to those documents are referred to as R1, R2, and R3, etc., for ease of reference.

[3] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915, 123 L. Ed. 2d 598 (1993); *see also United States v. Gallo*, 195 F.3d 1278, 1281 (11th Cir. 1999).

the drug conspiracy count, resulted in a total term of imprisonment that exceeded the advisory Guidelines range. Alcantara contests that the advisory Guidelines range is the "total punishment" referred to in U.S.S.G. § 2J1.6, cmt. n. 3, and that the district court impermissibly double counted his failure to appear by imposing a consecutive sentence for that charge, which resulted in a cumulative sentence outside that range.[4]

## STANDARD OF REVIEW

Generally, we review the district court's application and interpretation of the sentencing guidelines *de novo*. *United States v. Walker*, 490 F.3d 1282, 1299 (11th

---

[4] The district court did not sentence Alcantara above the statutory maximum for either the drug conspiracy charge or the failure to appear charge. Thus, Alcantara appeals on the basis that the district court applied an upward departure by imposing a cumulative sentence that exceeded the applicable advisory Guidelines range. We have found in an analogous context, however, that the district court's decision to impose a sentence above the applicable advisory Guidelines range is not a guidelines departure, but an exercise of its discretion in sentencing, where the district court "did not cite to a specific guidelines departure provision, and in the words of the district court, the guidelines did 'not adequately take into account the severity of the damage done by [the defendant], and therefore, I find that they should not be applied.'" *United States v. Eldick*, 443 F.3d 783, 788 n.2 (11th Cir.) (per curiam), *cert. denied*, — U.S. — , 127 S. Ct. 251, 166 L. Ed. 2d 196 (2006).

Here, the district court sentenced Alcantara by stating, "It is the judgment of the Court that Felix Ramon Alcantara be imprisoned for a term of 56 months. This term consists of 38 months as to Case No. 02-20370 [drug conspiracy] and a term of 18 months as to Case No. 03-20825 [failure to appear] to be served consecutively." R.3 at 8. Because the district court did not expressly state that it was making an "upward departure" from the sentencing range, and did not cite any departure provision, this appeal is governed by Alcantara's waiver agreement. Rather than dismiss the appeal based on the waiver, we will address the merits of Alcantara's claim because the government does not invoke the appeal waiver (*see* Gov. Brief at 2, note 3), the parties have already expended the resources to brief the case on the merits, and application of the waiver is not outcome-determinative. *See United States v. Valnor*, 451 F.3d 744, 745 n.1 (11th Cir. 2006).

Cir. 2007). Although the sentencing guidelines are now advisory after *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), "district courts are still required to correctly calculate the appropriate advisory guidelines range." *United States v. Livesay*, 484 F.3d 1324, 1329 (11th Cir.) (per curiam), *petition for cert. filed*, 76 U.S.L.W. 3094 (U.S. Aug. 31, 2007) (No. 07-294).

Normally, we review the ultimate sentence for reasonableness, in light of the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007). Because Alcantara did not raise the specific claim that his cumulative sentence exceeds the advisory Guidelines range before the district court, however, we review it for plain error only. *See United States v. Maurice*, 69 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

Under the plain error standard of review, a defendant "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). An error is not "plain" unless it is "clear under current law," and where neither the U.S. Supreme Court nor this Court has resolved an issue, that issue cannot be the subject of plain error. *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (per curiam) (internal quotation marks omitted) (quoting *United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir.

1999). To determine whether the error affected substantial rights, and thus "the outcome of the district court proceedings," we look to the reasonable probability of a different result, "which means a probability sufficient to undermine confidence in the outcome." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotation marks omitted).

## DISCUSSION

Under the sentencing guidelines, the district court determines the base offense level for multiple offenses by grouping together counts that "involve substantially the same harm." U.S.S.G. § 3D1.2. This encompasses situations in which "one of the counts embodies conduct that is treated as a specific offense characteristic . . . to the guideline applicable to another of the counts." U.S.S.G. § 3D1.2(c).

Application note 3 to § 2J1.6 of the sentencing guidelines, which governs failure to appear, states that where there are convictions for failure to appear and an underlying offense, the offenses are to be grouped, pursuant to U.S.S.G. § 3D1.2(c), and the failure to appear should be treated as an upward adjustment for obstruction of justice under § 3C1.1. U.S.S.G. § 2J1.6, cmt. n.3. The commentary notes that "18 U.S.C. § 3146(b)(2) does not require a sentence of imprisonment on a failure to appear count, although if a sentence of imprisonment on the failure to

7

appear count is imposed, the statute requires that the sentence be imposed to run consecutively to any other sentence of imprisonment." *Id.* The commentary further states that "[t]he combined sentence will then be constructed to provide a 'total punishment' that satisfies the requirements both of § 5G1.2 (Sentencing on Multiple Counts of Conviction) and 18 U.S.C. § 3146(b)(2)." *Id.*

Our analysis of the grouping rules in U.S.S.G. § 3C1.2 and application note 3 to U.S.S.G. § 2J1.6 allows us to conclude that Congress intended that failure to appear for trial be treated as an offense characteristic of the underlying offense, with an upward adjustment for obstruction of justice. While the district court may still impose a separate sentence for the failure to appear count, the cumulative term of imprisonment for both offenses *should* fall within the advisory Guidelines range that was calculated after applying the obstruction of justice adjustment. This advisory Guidelines range therefore is the "total punishment" Congress refers to in U.S.S.G. § 2J1.6 cmt., n.3. After *Booker* rendered the sentencing Guidelines advisory, however, the Guidelines range is no longer the mandatory "total punishment" that a district court is allowed to impose.

As Alcantara concedes, the district court properly grouped the drug conspiracy count and the failure to appear charge, as per U.S.S.G. § 3D1.2(c), and calculated the appropriate guidelines range. Alcantara also agrees that the district

8

court did not err in imposing separate, consecutive sentences for each offense. He argues, however, that the "total punishment" for both offenses is the advisory Guidelines range and that by imposing a cumulative sentence outside that range, the district court engaged in impermissible double counting because the failure to appear charge was fully accounted for by the obstruction of justice adjustment. We reject this argument.

Before *Booker*, we held that a district court engages in "impermissible double counting" when "one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been *fully accounted for* by another part of the guidelines." *United States v. Dudley*, 102 F.3d 1184, 1186 (11th Cir. 1997) (per curiam) (emphasis added). Neither before nor after *Booker* have we addressed whether a district court engages in double counting by imposing a separate sentence for failure to appear, where the failure to appear has already been used to apply an obstruction of justice enhancement. 18 U.S.C. § 3146(b)(2) specifically requires that a sentence for failure to appear, if imposed, run consecutively to the other sentence, and application note 3 to U.S.S.G. § 2J1.6 confirms this. Thus, imposing a separate sentence for failure to appear, alone, does not constitute impermissible double counting, so long as the ultimate sentence is reasonable in light of the sentencing factors of 18 U.S.C. § 3553(a). Therefore, the

9

pithiest issue in Alcantara's argument is whether the obstruction of justice adjustment, which yielded a particular guidelines range, *fully accounts for* his failure to appear so that a cumulative sentence outside the advisory guidelines range is unreasonable.

The district court factored Alcantara's failure to appear into the guidelines range by imposing an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Because *Booker* rendered the guidelines advisory, however, a district court may exercise its discretion and impose a sentence outside the applicable guidelines range, so long as the court considers the parties' objections and the resulting sentence is reasonable in light of the sentencing factors of 18 U.S.C. § 3553(a). *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir.), *cert. denied*, No. 07-6411, 2007 WL 2692218 (Oct. 9, 2007).

Here, the district court considered both Alcantara and the government's objections, but also considered that "[Alcantara] was out for about three and a half years." R. 3 at 5. The district court found that it should "consider both obstruction of justice and something for . . . [Alcantara's] violation of law on that [failure to appear] case." *Id.* Determining that the "decision to flee . . . is a very serious offense and needs to be accounted for," the court then imposed a consecutive sentence for the failure to appear charge, which it had the authority to do, that

10

reflected the seriousness of the offense.  R. 3 at 8.  By imposing a failure-to-appear sentence that resulted in a cumulative sentence outside the advisory guidelines range, the district court believed, in light of the § 3553(a) factors, that the advisory guidelines range did not adequately reflect the "total punishment" for both offenses.[5]  From our review of the record, the district court sufficiently justified its decision to impose a cumulative sentence outside the advisory Guidelines range. Even if we were to find that the district court erred in imposing an additional 10 months to Alcantara's sentence, this would not constitute plain error as this issue was not "clear under current law."  *See Aguillard*, 217 F.3d at 1321 (internal quotation marks omitted).

## CONCLUSION

The district court did not err in issuing a consecutive sentence for Alcantara's failure to appear that resulted in a cumulative sentence outside the advisory Guidelines range, where the failure to appear charge already had been grouped with the drug charge and factored into the guideline sentencing range in the form of an obstruction of justice adjustment.  The district court imposed a

---

[5] 18 U.S.C. § 3553(a)(2) provides, in relevant part, that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed—
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant . . . ."

sentence that reflected the very serious nature of Alcantara's failure to appear and the dangers created by his nearly four-year fugitive status and sufficiently justified its exercise of discretion. Accordingly, we affirm Alcantara's sentence.

**AFFIRMED.**