**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William W. STEVENSON, Willie Greer,
Defendants–Appellants.**

**No. 92–9287
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 15, 1995.

Robert Rubin, Rubin, Winter & Rapoport, Atlanta, GA, for Greer.

Jay L. Strongwater, Strongwater & Cherniak, Atlanta, GA, for Stevenson.

John G. Malcolm, Amy Levin Weil, Asst. U.S. Attys., Atlanta, GA, for United States.

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

In this case we must decide whether the United States Sentencing Guidelines (U.S.S.G. or Guidelines) permit the cumulative enhancement of a sentence under both the more than minimal planning provision of U.S.S.G. § 2F1.1(b)(2) and the aggravating role provision of U.S.S.G. § 3B1.1. We conclude that the Guidelines permit this cumulative enhancement and affirm.[1]

## I. BACKGROUND [2]

Between January and March 1991, Appellant Willie Greer managed and operated a telemarketing scam under the name Eastland Clearinghouse (Eastland). Greer, together with Cynthia Hardin and Adrian Philpot,[3] formed Eastland in December 1990 and recruited Appellant William Stevenson in January 1991 to serve as the company's assistant manager. Eastland operated from an office in Atlanta and employed at least seven telemarketers and two secretaries.

Greer and Stevenson, either personally or through the telemarketers they hired and trained, fraudulently solicited checks from many unwitting victims. Greer selected potential victims from customer lists, generally targeting the elderly. Employees of Eastland posing as legitimate telemarketers then called these carefully-selected targets. On the phone, Greer, Stevenson, or their employees would tell the target that they had been selected to receive a "bonus award." The telemarketer then explained that in order for the target to collect his or her prize, the recipient must pre-pay such things as taxes, shipping, and handling on the award. Of course, no award was forthcoming and the pre-paid "taxes" and "fees" became the income of Eastland. In this way, Eastland netted over $70,000 in just three months of operation.

A grand jury indicted Greer on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 371 & 1343, and ten counts of wire fraud in violation of 18 U.S.C. § 1343. The district court dismissed one wire fraud count after a Government witness failed to appear. The jury convicted Greer of all remaining counts.

Greer was sentenced on December 9, 1992. Pursuant to the Guidelines, the district court applied a two-point specific offense characteristic enhancement for "more than minimal planning," United States Sentencing Commission, *Guidelines Manual*, U.S.S.G. § 2F1.1(b)(2)(A) (Nov. 1, 1992),[4] and a three-point aggravating role enhancement for Greer's part as "a manager or supervisor" of Eastland U.S.S.G. § 3B1.1(b). Although Greer's counsel challenged the applicability of both these enhancements, he did not argue that the cumulative application of these provisions constituted impermissible double counting under the Guidelines.

Greer was sentenced to 33 months' incarceration for each count, all to be served concurrently, followed by three years of supervised release. In addition, Greer was ordered to pay a $500 special assessment and $15,000 in restitution to his victims. This appeal follows.

---

1. After carefully considering the other arguments raised on appeal by William W. Stevenson and Willie Greer, we conclude that they are without merit and do not discuss them. *See* 11th Cir.R. 36-1.

2. We relate the facts in a light most favorable to the Government. *See United States v. Witek*, 61 F.3d 819, 823 (11th Cir.1995).

3. Hardin and Philpot entered into a plea agreement with the Government and testified against Appellants.

4. We apply the Guidelines manual in effect at the time of an offender's sentencing. U.S.S.G. § 1B1.11(a); *see United States v. Spell*, 44 F.3d 936, 938 n. 1 (11th Cir.1995).

## II. STANDARD OF REVIEW

■ Whether the cumulative enhancement of a sentence under two separate guideline provisions constitutes impermissible double counting presents a question of law reviewed *de novo. United States v. Aimufua,* 935 F.2d 1199, 1200 (11th Cir.1991).

■ This Court "consider[s] sentence objections raised for the first time on appeal under the plain error doctrine to avoid manifest injustice." *United States v. Hansley,* 54 F.3d 709, 715 (11th Cir.1995) (quoting *United States v. Newsome,* 998 F.2d 1571, 1579 (11th Cir.1993)). For the Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. *United States v. Vazquez,* 53 F.3d 1216, 1221 (11th Cir.1995); *see United States v. Olano,* — U.S. —, —– —, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993); Fed.R.Crim.P. 52(b).

## III. DISCUSSION

Greer argues that cumulative application of the more than minimal planning enhancement of § 2F1.1(b)(2) and the manager or supervisor enhancement of § 3B1.1(b) constitutes improper double counting under the Guidelines. The Government responds that Greer's failure to raise this argument at sentencing limits our review to the plain error standard. On the merits, the Government urges the Court to hold that the Guidelines permit the simultaneous application of §§ 2F1.1(b)(2) and 3B1.1(b) because the Guidelines have not specifically prohibited their cumulative application and because the two provisions address different sentencing considerations. At the outset, we agree with the Government that Greer's failure to preserve the double counting issue limits us to plain error review.

The circuits are split on whether the cumulative application of §§ 2F1.1(b)(2) and 3B1.1 constitutes impermissible double counting. A clear majority of the circuits have held that the application of both enhancements is per-

mitted by the Guidelines. *United States v. Massey,* 48 F.3d 1560, 1570 (10th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 2628, 132 L.Ed.2d 868 (1995); *United States v. Godfrey,* 25 F.3d 263, 264 (5th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 429, 130 L.Ed.2d 342 (1994); *United States v. Wong,* 3 F.3d 667, 670–72 (3d Cir.1993); *United States v. Rappaport,* 999 F.2d 57, 60–61 (2d Cir.1993); *United States v. Willis,* 997 F.2d 407, 418–19 (8th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 704, 126 L.Ed.2d 670 (1994); *United States v. Kelly,* 993 F.2d 702, 704–05 (9th Cir.1993); *United States v. Curtis,* 934 F.2d 553, 556 (4th Cir.1991); *United States v. Boula,* 932 F.2d 651, 654–55 (7th Cir.1991). The Sixth Circuit has held that considerations of lenity and due process forbid the cumulative application of §§ 2F1.1(b)(2) and 3B1.1 in the absence of a clear statement permitting such use. *United States v. Romano,* 970 F.2d 164, 167 (6th Cir.1992).[5] This Circuit has not yet addressed this question.

■ Double counting a factor during sentencing is permitted if the Sentencing Commission (Commission) intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing. *United States v. Adeleke,* 968 F.2d 1159, 1161 (11th Cir.1992); *see Aimufua,* 935 F.2d at 1200–1201; *United States v. Goolsby,* 908 F.2d 861, 863 (11th Cir.1990). We presume that the Commission intended to apply separate guideline sections cumulatively unless specifically directed otherwise. *See Aimufua,* 935 F.2d at 1200, *Goolsby,* 908 F.2d at 863; *see also* U.S.S.G. § 1B1.1, comment. (n. 4).

■ In light of these principles, we find the majority of the circuits' reasoning persuasive. First, nothing in the text or commentary of either § 2F1.1 or § 3B1.1 suggests an intent not to apply those sections cumulatively. Without specific evidence of the Commission's intent, we must presume that the Commission intended to apply §§ 2F1.1(b)(2) and 3B1.1(b) cumulatively.

---

**5.** Greer cites *United States v. Werlinger,* 894 F.2d 1015 (8th Cir.1990), in support of his position. We need not address this contention because, regardless of what the *Werlinger* opinion states,

the Eight Circuit has found the reasoning of *Werlinger* inapplicable in the context of §§ 2F1.1(b)(2) and 3B1.1. *See Willis,* 997 F.2d at 418–19.

*See Aimufua,* 935 F.2d at 1200; *Goolsby,* 908 F.2d at 863; *accord Godfrey,* 25 F.3d at 264; *Wong,* 3 F.3d at 670; *Curtis,* 934 F.2d at 556.[6] Second, we agree with the majority of circuits that § 2F1.1(b)(2)'s more than minimal planning enhancement and § 3B1.1's aggravating role enhancements address conceptually distinct considerations. As the Ninth Circuit observed:

> [T]he 'more than minimal planning' enhancement describes the complexity of the overall scheme.... The leadership enhancement addresses a somewhat different concern, namely [the offender's] role within the group of coconspirators.... The two enhancements are sufficiently different that we see no error in applying them in the same case.

*Kelly,* 993 F.2d at 705; *accord Massey,* 48 F.3d at 1570; *Wong,* 3 F.3d at 671–72; *Rappaport,* 999 F.2d at 61; *Willis,* 997 F.2d at 419; *Boula,* 932 F.2d at 654–55.

 Our decision to apply §§ 2F1.1(b)(2) and 3B1.1(b) cumulatively is bolstered by a recent amendment to the Guidelines' commentary.[7] In November 1993, Amendment 497 added the following to the General Application Principles section of the Guidelines:

> Absent an instruction to the contrary, the adjustments from different guideline sections are applied cumulatively (added together). For example, the adjustments from § 2F1.1(b)(2) (more than minimal planning) and § 3B1.1 (aggravating role) are applied cumulatively.

U.S.S.G. § 1B1.1, comment. (n. 4) (Nov. 1, 1993). Unofficial commentary in the November 1993 Guidelines Manual explains that Amendment 497 was the Commission's response to *Romano. See* David Yellen, *Highlights of the 1993 Amendments* § 1B1.1 *in Guidelines Manual* at VII.

 Where an amendment would increase a defendant's sentence and is not listed as applying retroactively,[8] this Court cannot give it binding retroactive effect. *United States v. Camacho,* 40 F.3d 349, 354 (11th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1810, 131 L.Ed.2d 735 (1995). Nevertheless, we can consider Amendment 497 as subsequent legislative history of the Commission's intent. *Cf. United States v. Smith,* 51 F.3d 980, 981 (11th Cir.1995) (stating that although the Court is not bound by proposed amendments to the Guidelines, it may consider them in interpreting prior application notes). *See also* U.S.S.G. § 1B1.11(b)(2) (stating that courts may consider subsequent amendments to the extent that they clarify the Guidelines and do not make substantive changes). Thus considered, we find that Amendment 497 supports our conclusion that the Commission intended §§ 2F1.1(b)(2) and 3B1.1(b) to apply cumulatively.

We hold that the district court properly enhanced Greer's sentence by applying both the more than minimal planning enhancement of § 2F1.1(b)(2) and the aggravating role enhancement of § 3B1.1(b). Having found no error, there can be no plain error for us to remedy. *See Olano,* —— U.S. at ——, 113 S.Ct. at 1777.

## IV. CONCLUSION

The district court correctly enhanced Greer's sentence under guideline §§ 2F1.1(b)(2) and 3B1.1(b).

**AFFIRMED.**

---

6. This Court's holding that "where the Sentencing Commission intended to except an otherwise applicable element from increasing a sentence, the Commission expressly states it intent," *Aimufua,* 935 F.2d at 1200, forecloses reliance on the Sixth Circuit's *Romano* decision. *Romano* adopted a presumption that enhancements would *not* be applied cumulatively in the absence of a clear expression of legislative intent to do so. *Romano,* 970 F.2d at 167. Thus, our *Aimufua* and *Goolsby* decisions reject the basic premise of *Romano.*

7. Commentary to the Guidelines is authoritative unless it violates the Constitution or a federal statute or is inconsistent with, or a plainly erroneous reading of, that guideline. *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

8. The Guidelines make certain amendments retroactive. U.S.S.G. § 1B1.10(d).