[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2001
THOMAS K. KAHN
CLERK

No. 00-12170

D.C. Docket No. 99-00402-CR-J-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONIQUE TUJUAN NAVES,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Alabama

(May 25, 2001)

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER*, District Judge.

Duplantier, District Judge:

Monique Tujuan Naves appeals her sentence, a 168 month term of

---

* The Honorable Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

imprisonment, for one count of carjacking, in violation of 18 U.S.C. § 2119(1). This appeal raises a single issue: whether the district judge engaged in impermissible "double counting" by adding a two point enhancement under United States Sentencing Guideline (U.S.S.G.) § 2B3.1(b)(5) (1998) to appellant's base offense level because the offense involved a carjacking. We conclude that there was no impermissible "double counting" and affirm the conviction and sentence.

U.S.S.G. § 2B3.1 provides a base offense level of 20 for a robbery conviction. To that base offense level the district judge added two levels pursuant to U.S.S.G. § 2B3.1(b)(5) because "the offense involved a carjacking."[1] Defendant contends that the base offense level fully accounted for the level of culpability attributed to the offense of carjacking and that therefore adding two levels because "the offense involved carjacking" constitutes impermissible "double counting."

Generally, a claim of "double counting" presents a question of law which this court reviews *de novo*. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1310 (11th Cir. 1999), *cert. denied*, 529 U.S. 1044, 120 S.Ct. 1547, 146 L.Ed.2d 359 (2000). However, where, as here, the objection to the "double counting" is raised for the first time on appeal, the objection is reviewed only for plain error to avoid manifest

---

[1] In determining Naves' total offense level, the district judge applied a number of other specific offense characteristics and adjustment enhancements which Naves does not contest on appeal.

injustice.  *United States v. Stevenson,* 68 F.3d 1292, 1294 (11ᵗʰ Cir. 1995).  In any event, we find no error here.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Matos -Rodriguez*, 188 F.3d at 1309 (quoting *United States v. Alexander*, 48 F.3d 1477, 1492 (9ᵗʰ Cir. 1995)) (citation and internal quotation marks omitted).  Double counting is permitted "if the Sentencing Commission intended the result, and if the result is permissible because 'each section concerns conceptually separate notions related to sentencing.'"  *United States v. Adeleke*, 968 F.2d 1159, 1161 (11ᵗʰ Cir. 1992) (quoting *United States v. Aimufau*, 935 F.2d 1199, 1201 (11ᵗʰ Cir. 1991)).  Absent a specific direction to the contrary, we presume that the Sentencing Commission intended to apply separate guideline sections cumulatively. *United States v. Stevenson*, 68 F.3d at 1294.

In 1992 the United States Congress made robbery involving carjacking a federal crime by adding §2119 to  Chapter 103, Title 18 of the United States Code. Pub. L. 102-519, Title I, § 101(a), Oct. 25, 1992, 106 Stat. 3384.  Pursuant to its authority (28 U.S.C. § 994(a)) the Sentencing Commission amended U.S.S.G. § 2B3.1, entitled "Robbery,"  to provide for a two level increase of the base offense level if the robbery

3

offense involved a carjacking and amended the "Statutory Provisions" section of the "Commentary" to § 2B3.1 to reference 18 U.S.C. § 2119, the carjacking statute, as one of the statutory provisions to which § 2B3.1 applied. United States Sentencing Commission Guidelines Manual, App. C. Amendment 483.

Those amendments leave no doubt that the Sentencing Commission intended to apply the two point enhancement to the base robbery offense level of 20 for convictions under §2119, the carjacking statute. We must assume that the Sentencing Commission knew that the two point enhancement at issue herein would be imposed in every case involving a conviction under § 2119, that it intended this result, and that in effect it was creating a base offense level of 22 for a conviction under § 2119.

The Sentencing Commission is authorized to provide such an enhancement as long as there is a rational relationship between the enhancement and a legitimate governmental objective. *See United States v. Alexander,* 48 F.3d at 1491. Appellant bears the burden of "demonstrating that the guideline provision is irrational." *United States v. Dudley*, 102 F.3d 1184, 1187 (11th Cir. 1997). Naves has failed to meet her burden of demonstrating that the two point enhancement is irrational.

Clearly the Sentencing Commission could have added to the Manual a separate section for carjacking with a base offense level of 22. It elected not to do so. Instead the Commission utilized the robbery section, § 2B3.1, which established a base

offense level of 20 for the culpability incident to an offense involving robbery in general. The Commission then provided a two level increase to reflect the heightened seriousness of a robbery involving the violation of § 2119, the carjacking statute. In doing so, the Sentencing Commission acted within its statutory authority.

Because we find no impermissible "double counting" in the district court's computation of appellant's offense level, we conclude that the sentence was proper, and we affirm the conviction and sentence.