[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 23, 2005
THOMAS  K. KAHN
CLERK

No. 05-10019
Non-Argument Calendar

D. C. Docket No. 00-00064-CR-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES WESLEY EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 23, 2005)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Charles Wesley Edwards was sentenced to 24 months' incarceration for

violation of the conditions of his supervised release. He appeals the length of his sentence, claiming that the district court abused its discretion. We affirm the decision of the district court.

## I. BACKGROUND

Edwards was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) in 2000. He was sentenced to 37 months' imprisonment and 30 months' supervised release. In 2004, the probation officer filed a petition recommending revocation of supervised release, alleging that Edwards had violated the conditions of supervise release by (1) driving under the influence; (2) failing to notify the probation officer of his change of address; and (3) failing to report for drug testing on 16 separate occasions. At the revocation hearing, Edwards stipulated to the alleged violations and argued only that his supervised release should be modified rather than revoked. The district court rejected Edwards position. Referring to U.S.S.G. § 7B1.4, the court found that "the policy guidelines or policy statements of the sentencing commission suggest that a custodial period of five to eleven months would be appropriate on a revocation" of Edwards' supervised release." Revocation Hearing at 48. However, based on its assessment five to eleven months would not be long enough for Edwards to receive effective rehabilitation for his alcoholism, the judge

2

sentenced Edwards to the statutory maximum of 24 months with no additional supervised release. The district court noted at the revocation hearing that "defendant needs a significantly longer period of incarceration to really give him a -- maybe an opportunity one last time in his life to get control of his alcohol problem. For that reason, the court will not follow the policy statements of five to eleven months." Id. The court also stated that it sought to give Edwards "a period of incarceration long enough to insure [sic] that he has ample opportunity to complete that [rehabilitation] program . . . ." Id. The district court's written order "recommend[ed]" that the Bureau of Prisons place Edwards "in an extensive residential treatment program." Order at 1.

On appeal, Edwards concedes that under U.S.S.G. § 7B1.4, the recommended range for his violations is five to eleven months. He further concedes that Chapter 7 of the guidelines is merely advisory, and that a court may properly consider the rehabilitative needs of the defendant. Edwards argues that the district court abused its discretion because the court's order "recommend[ed]" rather than "required" that the Bureau of Prisons to place Edwards "in an extensive residential alcohol treatment program." According to Edwards, this constitutes an abuse of discretion because it is possible that he will serve the 24-month without receiving the treatment that was the basis for sentencing him to

3

the statutory maximum rather than the 5-11 month range set forth in Chapter 7 of the guidelines. Edwards also argues that the district court abused its discretion because it did not state in its order that if no rehabilitation was provided, the sentence was to be reduced from the statutory maximum to a duration within the range provided for in U.S.S.G. § 7B1.4 (2004).

## II. DISCUSSION

Edwards did not raise his sentencing challenges below. "Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error." Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (citing United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir.1995)).[1] Chapter 7's provisions "are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." Aguillard, 217 F.3d at 1320. "[T]he district court may impose any sentence within the statutory maximum. A sentence in excess of the Chapter 7 range is not a departure, and is permitted so long as it is within the range imposed by Congress." United States v. Hofierka, 83 F.3d 357, 362 (11th Cir. 1996). A district court may consider the rehabilitative needs of a

---

[1] Under plain error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (citations and quotations omitted).

defendant when imposing a sentence exceeding that recommended by Chapter 7. United States v. Brown, 224 F.3d 1237, 1243 (11th Cir. 2000).

Edwards cannot satisfy even the first prong of plain error analysis. The district court explicitly consulted the guidelines and correctly calculated the sentencing range under U.S.S.G. §7B1.4. Furthermore, the reason for the district court's imposition of a longer sentence -- Edwards' need for rehabilitation -- was one that this Court has explicitly found permissible and that Edwards' himself admits is an appropriate basis for imposing a sentence in excess of the advisory range.

We find no error with regard to the district court's choice of the word "recommends" in its written order. Edwards has provided no reason to believe that the Bureau of Prisons will not enroll Edwards in a treatment program. Given that the Bureau enrolled Edwards during a previous incarceration and that the Bureau has been "encouraged" to enroll him again, we will not assume that the Bureau will fail to provide treatment.[2]

We also reject Edwards' assertion that the district court was under an obligation to condition the longer sentence on enrollment in a substance abuse

---

[2] Edwards admits that he quit the first program after completing two of the program's three phases.

program.  Edward's reliance on <u>United States v. Brown</u> as establishing such a requirement is misplaced.  In that case, the district court sentenced defendant to imprisonment the statutory maximum, to be reduced to the Chapter 7 "maximum" if a drug treatment program was not available to defendant.  Defendant appealed on grounds that consideration of his need for treatment was an impermissible basis for going outside the range found in Chapter 7.  We held "that a court may consider a defendant's rehabilitative needs when imposing a specific incarcerative term following revocation of supervised release."  <u>Brown</u>, 224 F.3d at 1240.  <u>Brown</u> thus did not hold that a judge was required to condition imposition of the statutory maximum on availability of a treatment program, only that the district court in <u>Brown</u> had not abused its discretion by doing so.  The district court in the instant case was under no obligation to craft its order in the same way as did the district court in <u>Brown</u>.

## III.  CONCLUSION

For the foregoing reasons, the order of the district court is

**AFFIRMED.**