[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14633
Non-Argument Calendar

_____

D. C. Docket No. 05-00003-CR-HL-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS C. ROGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 10, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Douglas C. Rogers appeals his concurrent sentences for mail fraud in

violation of 18 U.S.C. § 1341. Rogers asserts the district court erred in applying a

two-level vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1) (1998) when calculating his Guidelines sentence because (1) Mildred Evelyn Roberts Carr was not a victim, (2) Carr was not vulnerable, and (3) this enhancement resulted in impermissible double counting. The district court did not err, and we affirm his sentences.

Even though the Guidelines are now advisory, the district court must correctly calculate the sentencing range prescribed by the Sentencing Guidelines. *United States v. Crawford*, 407 F.3d 1174, 1178-79 (11th Cir. 2005). "The district court's application of U.S.S.G. § 3A1.1 presents a mixed question of law and fact, subject to *de novo* review, but the district court's determination of a victim's 'vulnerability' is a factual finding given due deference." *United States v. Day*, 405 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 126 S. Ct. 432 (2005). "We generally review a claim of double counting *de novo*." *United States v. Lebovitz*, 401 F.3d 1263, 1270 (11th Cir. 2005).

The Guidelines provide "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." U.S.S.G. § 3A1.1(b)(1) (1998). A vulnerable victim is "a person (A) who is a victim of the offense of conviction . . . and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal

conduct." *Id.*, comment. (n.2). "The applicability of the 'vulnerable victim' enhancement must be determined on a case-by-case basis, and is appropriate where the defendant knows that the victim has 'unique characteristics' that make the victim more vulnerable to the crime than other potential victims of the crime." *United States v. Phillips*, 287 F.3d 1053, 1056-57 (11th Cir. 2002).

The district court did not err in finding Carr to be a vulnerable victim. First, Carr was a victim for the purposes of § 3A1.1. Carr was the settlor and beneficiary of the trust from which Rogers wrongfully took property. As alleged in the indictment, and found by the jury, Rogers devised or participated in a scheme to fraudulently deprive her of the intangible right of honest services. Moreover, Carr had a beneficial interest in the trust, which was harmed because there were fewer trust assets available for her support.

The district court's finding that Carr was vulnerable was not erroneous. Carr was not impaired to the extent that she was legally incompetent. However, the Thomas County, Georgia probate court found Carr was in need of a guardian of her property, and issued "Letters of Guardianship of the Property of Incapacitated Adult," appointing Rogers as guardian. Under the law in effect when Rogers was appointed guardian, a guardian of the property of incapacitated adults could be appointed "to the extent that such adults are incapable of managing their estates."

3

O.C.G.A. § 29-5-1 (2003) (repealed 2005). As guardian of Carr's property, Rogers knew that Carr was not fully capable of handling her financial affairs.

We conclude a vulnerable victim enhancement was warranted based on Rogers' knowledge of Carr's vulnerability, and now turn to the issue of whether application of this enhancement in conjunction with a two-level enhancement for abuse of trust under § 3B1.3 was impermissible double counting. "Double counting a factor during sentencing is permitted if the Sentencing Commission (Commission) intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing. We presume that the Commission intended to apply separate guideline sections cumulatively unless specifically directed otherwise." *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995). A vulnerable victim enhancement is not applied "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age." U.S.S.G. § 3A1.1, comment. (n.2) (1998).

In this case, the two enhancements concern conceptually separate notions relating to sentencing. The abuse of trust enhancement focuses on Rogers' conduct

4

in committing the offense. By virtue of his position as trustee, Rogers was able to obtain money from an asset held by the trust. In contrast, the vulnerable victim enhancement focuses on why Rogers chose to take money from this particular trust. Here, the district court did not find Carr vulnerable because Rogers held positions of trust, but because she suffered from some kind of disability or incapacity. Therefore, the district court did not err by applying both enhancements.

AFFIRMED.