[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10002
Non-Argument Calendar

_____

D. C. Docket No. 07-10022-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALDO RODRIGUEZ-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 24, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Waldo Rodriguez-Garcia appeals his 37-month sentence imposed for encouraging aliens to enter the United States. He asserts the district court committed impermissible double counting by enhancing his sentence two levels under U.S.S.G. § 3C1.2 after enhancing his sentence two levels under U.S.S.G. § 2L1.1(b)(6).

The standard of review for a claim of double counting is *de novo*. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1310 (11th Cir. 1999). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *Id.* at 1309 (quotations omitted). It is presumed the Sentencing Commission intended to apply separate Guidelines sections cumulatively unless there are specific directions otherwise. *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995).

In relevant part, under U.S.S.G. § 2L1.1(b)(6), a defendant receives a two-level enhancement if the offense conduct recklessly creates a risk of serious bodily injury to another person. Under U.S.S.G. § 3C1.2, a defendant receives a two-level enhancement if flight from law enforcement recklessly creates a serious risk of bodily injury to another person. If conduct justifying enhancement under U.S.S.G. § 2L1.1(b)(6) is solely related to fleeing from law enforcement, then

2

U.S.S.G. § 3C1.2 should not be applied. U.S.S.G. § 2L1.1, comment. (n.5). In parallel, enhancement under U.S.S.G. § 3C1.2 should not be applied where "the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." U.S.S.G. § 3C1.2, comment. (n.1).

When acts of reckless conduct are temporally and spatially separated, however, enhancement based on separate Guidelines provisions is permissible. *Matos-Rodriguez*, 188 F.3d at 1312. In *Matos-Rodriguez*, the defendant was in his vehicle when approached and told to stop by a Secret Service agent. Instead of complying, the defendant accelerated toward the agent. Police pursued the defendant's vehicle. During the pursuit, the defendant drove recklessly, including running stop signs, driving against oncoming traffic, and driving more than double the speed limit. *Id.* at 1302.

In computing the Guidelines range, Matos-Rodriguez's sentence was enhanced under U.S.S.G. § 3A1.2(b) (official victim) and additionally under U.S.S.G. § 3C1.2 (reckless endangerment during flight). *Id.* at 1303. The defendant asserted that enhancement under both provisions impermissibly counted his reckless conduct twice. *Id.* at 1309. We noted the assault on the agent was distinct in time and space from the high speed chase, and the defendant's conduct

at issue "was not a single, uninterrupted event." *Id.* at 1312. Because there were really two distinct acts of reckless conduct, we held "[t]he enhancements were not levied solely on the basis of the same conduct," and affirmed the sentence imposed. *Id.* (quotations omitted).

Rodriguez-Garcia's claim the district court erred by double counting his reckless conduct to justify two distinct enhancements is without merit because the facts of this case show two distinct moments of reckless conduct leading to two distinct risks of serious bodily injury. First, Rodriguez-Garcia overloaded his vessel with Cuban aliens, supporting an enhancement under U.S.S.G. § 2L1.1(b)(b). Second, Rodriguez-Garcia fled the Coast Guard, supporting an enhancement under U.S.S.G. § 3C1.2. The two instances of reckless conduct are divided in time by the initial intervention by the Coast Guard. The two instances of reckless conduct are also divided in space by the distance from Havana, where Rodriguez-Garcia loaded his vessel, and 20 miles south of Florida, where the Coast Guard ordered Rodriguez-Garcia to heave to his vessel. Thus, the district court did not commit impermissible double counting because the two acts of reckless conduct were distinct in time and space. Accordingly, we affirm Rodriguez-Garcia's sentence.

**AFFIRMED.**

4