[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10443
Non-Argument Calendar

_____

D. C. Docket No. 06-00092-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE BYRON CARTER, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(August 27, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Clarence Byron Carter, II, appeals his combined 45-year sentences for

producing, distributing, and possessing child pornography. Carter argues that

certain enhancements should not have been applied cumulatively, that an enhancement for "pattern of activity" should not have been applied at all, and that his multiple sentences should run concurrently, rather than consecutively. For the reasons below, we affirm the sentence.

## BACKGROUND

Carter pleaded guilty to the production of child pornography in violation of 18 U.S.C. § 2251(a) (count 1), distribution or receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (count 2), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (count 3).

According to the presentence investigation report, FBI investigators discovered approximately 4,800 image, text, and movie files pertaining to sexual exploitation of children, including images of child bondage on Carter's computer. Eleven known children, ages 7 through 14, were identified in the images. The images included photographs and videos produced by Carter, some involving Carter physically touching the genitalia of two child victims. The victims were the children of his sister's personal friends.

The probation officer calculated the Sentencing Guideline range using the 2007 Sentencing Guidelines,[1] after grouping counts 2 and 3 and separating count 1

---

[1] Carter objected below to the use of the 2007 Sentencing Guidelines. Carter has not, however, raised that issue on appeal.

2

into two groups because of the existence of two victims. Numerous enhancements and adjustments were made to the base offense levels for the various counts which are not at issue in this appeal. The enhancements and adjustments relevant to this appeal are as follows:

The offense level for grouped counts 2 and 3 were enhanced two levels under § 2G2.2(b)(3)(F) for distributing the child pornography to others through a file-sharing computer program and another two levels under § 2.2G2.2(b)(6) because the offense involved the use of a computer for possession, transmission, receipt, or distribution. Carter objected to the use of both these enhancements because he claimed they were redundant and thus were "double-counting."

The offense level for grouped counts 2 and 3 was enhanced five levels under § 2G2.2(b)(5) because Carter engaged in a "pattern of activity involving the sexual abuse or exploitation of a minor." After the total offense level was calculated, the probation officer then recommended a five level enhancement under § 4B1.5(b)(1) for engaging in a "pattern of activity involving prohibited sexual conduct." Carter objected to the use of these enhancements because (1) he had not engaged in a "pattern of activity" but rather one episode of ongoing conduct, and (2) the use of both § 2G2.2(b)(5) and § 4B1.5(b)(1) constituted impermissible double-counting because both sections address patterns of activity.

3

After overruling Carter's objections to the calculations made in the presence report, the court addressed the potential sentences under the Guidelines and considered the statutory sentencing range. The Sentencing Guidelines calculations for counts 1 through 3 resulted in a recommended sentence of life imprisonment. The statutory maximums, however, limited the sentences to not more than 20 years for count 1, not more than 15 years for count 2, and not more than 10 years for count 3. Because the total punishment recommended under the Sentencing Guidelines exceeded the statutory maximums, the court imposed the sentences for the three counts consecutively, rather than concurrently. Carter objected because he had requested a 30-year sentence and is in poor health. The court overruled his objection and imposed a combined 45-year sentence using the statutory maximums for each count. Carter timely appealed his sentence.

## STANDARD OF REVIEW

We review the interpretation and application of the Sentencing Guidelines de novo, and review the district court's factual findings for clear error. United States v. Williams, 527 F.3d 1235, 1247-48 (11th Cir. 2008). Although the sentencing guidelines are now advisory after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), "district courts are still required to correctly calculate the appropriate advisory guidelines range." United States v.

4

Livesay, 484 F.3d 1324, 1329 (11th Cir. 2007).

**DISCUSSION**

*A. Double Counting for Use of Computer*

Carter argues that the district court erred in enhancing his sentence pursuant to both § 2G2.2(b)(3)(F) and § 2G2.2(b)(6) because using both enhancements punished him twice for the same conduct, for using a computer in commission of the crime. We disagree.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999) (internal citation omitted). Double counting is permitted, however, "if the Sentencing Commission intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." United States v. Stevenson, 68 F.3d 1292, 1294 (11th Cir. 1995); see also United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006) (finding no impermissible double counting where the Guidelines sections at issue addressed separate harms). "This court presumes the Sentencing Commission intended to apply separate guideline sections cumulatively, *unless* specifically directed otherwise." Matos-Rodriguez, 188 F.3d

5

at 1310.

Nothing in the Guidelines indicates that the Sentencing Commission intended for §§ 2G2.2(b)(3)(F) and (b)(6) to not be applied together. Furthermore, Carter has made no argument to rebut the presumption that the Commission intended these sections to be cumulative. These sections also address separate harms. Section 2G2.2(b)(3)(F) provides for an enhancement for distribution of material involving the sexual exploitation of a minor. This section addresses the harms attendant to the act of distributing and sharing child pornography with other individuals; this section does not address the medium used for the distribution. Section 2G2.2(b)(6), on the other hand, provides for an enhancement "if the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material." This section focuses on the harms associated with the use of a computer in all aspects of child pornography crimes—the possession, transmission, receipt, and distribution—all of which are undoubtedly made easier to do, and easier to do in mass quantities, with a computer. The fact that Carter's method of distribution involved a computer does not create impermissible double counting with the application of enhancements for both distributing child pornography to others and for using a computer in the commission of his production, possession, and distribution of that

6

material.  Thus the district court did not engage in impermissible double counting by applying sentencing enhancements under both §§ 2G2.2(b)(3)(F) and (b)(6).

B.  *Pattern of Activity*

### i. Application of "Pattern of Activity"

Carter argues that his sentence should not have been enhanced based on a "pattern of activity" because he claims that he participated in one ongoing offense. Carter, however, did engage in a pattern of activity.  The commentary to § 2G2.2 defines a pattern of activity as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. 2G2.2 cmt n.1.  Carter had multiple photographs and videos of eleven different identifiable child victims, and physically touched the genitalia of two different children.  This sexual exploitation of multiple victims and the possession and distribution of multiple photographs and videos establishes that Carter engaged in "two or more separate instances" comprising a pattern of activity.

A pattern of activity under § 4B1.5(b)(1) was also applied appropriately. Under that section, "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant

7

engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 cmt. n.4.

As noted, Carter possessed over 4,800 photographs with eleven identifiable young girls and admitted taking multiple pictures with his web cam. This constitutes a pattern of activity. Carter argues that his behavior did not "rise to the level" of a pattern of activity because it was not as egregious as cases involving child rape and other conduct more extreme than his own. This is not the standard. Carter engaged in criminal activity on at least two occasions, and his sentence was thus properly enhanced for a pattern of activity.

### ii. Alleged Double Counting of Pattern of Activity

Carter also argues that the application of sections 2G2.2(b)(5) and 4B1.5(b)(1) of the Sentencing Guidelines that both address a pattern of activity constituted impermissible double counting. Section 2G2.2(b)(5) states that it applies "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." Section 4B1.5(b)(1) provides for an enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct."

As stated above, this Court presumes that the Sentencing Commission intended for Guidelines sections to apply cumulatively. Additionally, here we

8

have specific guidance that these sections were not intended to be exclusive of one another.  Section 4B1.5(b)(1) states that the enhancement from that section "shall be 5 *plus* the offense level determined under Chapters Two and Three." (emphasis added).  This indicates that the Sentencing Commission intended for the application of enhancements under Chapter Two (like the § 2G2.2(b)(5) enhancement applied here) to be *added* to the § 4B1.5(b)(1) enhancement.  These two sections also address different harms.  Section 2G2.2(b)(5) addresses the fact that the offense itself involved a pattern of sexually exploiting minors.  Section 4B1.5, however, looks at the likelihood that the defendant will become a repeat offender and whether lengthy incarceration is therefore needed to protect the public.  See U.S.S.G. § 4B1.5(b)(1) cmt. background.  The application of sections 2G2.2(b)(5) and 4B1.5(b)(1) did not, therefore, involve impermissible double-counting.

*C.  Consecutive Sentences*

Carter also appeals the consecutive rather than concurrent application of his sentences.  Carter argues that the district court was not bound to apply his sentences consecutively and should not have done so because he requested a 30-year sentence rather than the 45-year sentence he received.

Section 5G1.2(d) provides for the imposition of consecutive sentences under

9

the circumstances in this case. That section states, "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d). Here, the "total punishment" under the Sentencing Guidelines called for life imprisonment, and yet the statutory maximum for the count with the highest maximum was 20 years. Thus, the district court properly followed§ 5G1.2 by imposing the sentences for multiple counts consecutively in these circumstances. See United States v. Davis, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (upholding the imposition of consecutive sentences under § 5G1.2(d) of the Sentencing Guidelines).

The district court acknowledged that the Guidelines are merely advisory and not mandatory, but felt that the imposition of a 45-year sentence was reasonable. Carter has not argued that his sentence was unreasonable, and we affirm the imposition of consecutive sentences.

## CONCLUSION

For the foregoing reasons, Carter's sentence is **AFFIRMED**.

10