[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 4, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12255
Non-Argument Calendar
_____

D. C. Docket No. 02-20854-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREEMAN POLLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 4, 2008)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

While on supervised release, Freeman Pollard committed a third-degree

grand theft and drove without a valid license. The district court revoked Pollard's supervised release, imposed a 12-month-and-1-day sentence for the violations, and ordered that the sentence run consecutive to Pollard's 63-month sentence imposed by the state court. Pollard appeals the district court's sentence. We affirm.

## STANDARD OF REVIEW

Although Pollard objected to the district court's sentence, his objection was very general. He did not assert the errors that he now alleges on appeal. Accordingly, his claims will be reviewed for plain error. *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995).

Under plain error review, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *Id.* (citations omitted). If these criteria are met, we may correct the plain error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed. 2d 508 (1993) (citation and quotation marks omitted). But

> where the effect of an error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected.

2

*United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005) (citation omitted).

**DISCUSSION**

Pollard argues that the district court erroneously relied on information in the Supplemental Report because he was not provided with the Report at least 35 days before sentencing and because the Report was not made a part of the record. He argues that the court incorrectly stated that his criminal history category was VI instead of II and that the court's error led to an unreasonable sentence. He further argues that the court erred by not properly considering the § 3553(a) factors in imposing the sentence. For the reasons discussed below, we find no plain error.

A probation officer must conduct a presentence investigation and submit a report to the court unless "(i) [a] statute requires otherwise; or (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." FED. R. CRIM. P. 32(c)(1)(A). "The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." FED. R. CRIM. P. 32(e)(2).

The U.S. SENTENCING GUIDELINES MANUAL recommends a sentencing

range of 6 to 12 months' imprisonment for a Grade B violation of supervised release and a category II criminal history. U.S. SENTENCING GUIDELINES MANUAL § 7B1.4 (2007). It recommends a range of 21 to 27 months' imprisonment for a Grade B violation and category VI criminal history. § 7B1.4. The court determines the appropriate sentencing range by applying "the [criminal history] category applicable at the time the defendant originally was sentenced to a term of supervision." § 7B1.4(a).

When imposing a sentence, the district court is not required to discuss methodically each factor. *See United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005). If the court imposes a sentence within the guidelines, it is not necessary to give a detailed explanation of its reasons, so long as it "set[s] forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam) (citation and quotation marks omitted).

Here, Pollard specifically asked the court to accept the government's waiver of the presentence investigation. Pollard accordingly waived his rights under Rule 32(e)(2). According to the Supplemental Report, Pollard had a lengthy criminal history, even before his original sentencing. The district court indicated that

Pollard's record would have qualified him for a category VI criminal history. The court, however, applied a category II criminal history, pursuant to an agreement between the parties. Based on Pollard's Grade B violation, the court initially imposed a 12-month sentence. The court subsequently modified the sentence to 12 months and 1 day so that Pollard could receive gain time.

In imposing the sentence, the court noted that Pollard's criminal history was "horrendous." It expressed concern that Pollard had failed to comply with the conditions of his release. It also noted that its previous sentences had been relatively lenient and that "the time for breaks . . . is now over." The court's remarks indicate that it had considered Pollard's history. They also indicate that the court intended that the sentence promote respect for the law, deter future criminal conduct, and protect the public from any of Pollard's future crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). Although the district court did not explicitly consider each § 3553(a) factor, it provided "a reasoned basis for exercising" its judgment. *Agbai*, 497 F.3d at 1230.

In light of the foregoing, the district court did not plainly err in determining Pollard's sentence. But even if it did, Pollard cannot show that any of the court's alleged errors affected his substantial rights because he has not shown that his sentence would have been different but for the error. *See Rodriguez*, 398 F.3d at

5

1301.

The court indicated its intent to sentence Pollard at the high end of the 6 to 12 month guideline range. Pollard's high-end sentence was not based solely on the court's perception that he received a "break" at his original sentencing. The court noted that Pollard did not receive any jail time for his first supervised release violation and that he subsequently failed to comply with the court's newly imposed conditions of supervised release. The court also recognized that the state court had given Pollard numerous "breaks" over the years, even though he had amassed 20 criminal-history points, many of which were based on burglaries and grand thefts. The court's discussion indicates that Pollard received a high-end sentence based on the cumulative effect of Pollard's past lenient sentences and his repeated failure to comply with the law. Because it is unlikely that Pollard would have been sentenced differently, any alleged error was harmless.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we find no plain error.

**AFFIRMED.**