[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2010
JOHN LEY
ACTING CLERK

No. 09-13287
Non-Argument Calendar

_____

D. C. Docket No. 08-00391-CR-WS-C-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS WOMACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 4, 2010)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

Julius Womack appeals his total 216-month sentence for bank robbery and use of a firearm in furtherance of a crime of violence. Womack argues that he should not have been subject to 18 U.S.C. § 924(c)(1)(A)(iii)'s enhanced statutory minimum penalty for his codefendant's discharge of a firearm during a crime of violence, because the discharge was not reasonably foreseeable. For the reasons set forth below, we affirm.

## I.

Womack was charged with aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and 18 U.S.C. § 2, ("Count 1"); and aiding and abetting use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2, ("Count 3"). Womack pled not guilty to both counts and proceeded to trial.

At trial, Linda Gooden, a teller at the RBC Bank on St. Stephens Road, in Mobile, Alabama, testified that, on November 26, 2008, a man who she later identified as Donald Womack ("Donald")[1] entered the bank, fired two gunshots into the ceiling, and ordered her and another teller to open their teller drawers. Donald removed money from the drawers, placed it in a plastic bag, and left the bank. Gooden explained that the bank used bait money – bundled money that

---

[1] Donald Womack is Womack's cousin.

contained a GPS tracking device.

Greg Evans, an officer with the Mobile Police Department, responded to the RBC Bank robbery. As he drove toward the bank, he received a signal from the GPS tracking device that had been placed inside the bait money. Evans determined that the signal was coming from Womack's vehicle and conducted a traffic stop on the vehicle. Womack was driving the vehicle and Donald was hiding in the trunk.

Michael Kelley, a sergeant with the Mobile Police Department, testified that he searched Womack's vehicle and discovered two tracking devices, a white plastic bag containing United States currency, and a loaded nine-millimeter pistol in the trunk of the vehicle.

Donald testified that he entered the RBC Bank on November 26, 2008, fired two shots into the ceiling, took money out of a couple of teller drawers, and placed the money into a small white plastic grocery bag. He then exited the bank, walked to his mother's house, and jumped into the trunk of Womack's car. Donald stated that, the night before the robbery, he told Womack that he was going to rob a bank and needed a gun. Womack told Donald that he could get a gun. The next morning, Womack called a man who agreed to provide a gun. Womack, accompanied by Donald, then drove to a house, and a man entered the backseat of Womack's vehicle and handed a gun to Womack. Womack set the gun on the

armrest and told the man in the backseat that he would bring the gun back later. The man then exited the vehicle. Womack eventually dropped off Donald across the street from the RBC Bank and returned to Donald's mother's house, where Womack and Donald had planned to meet after the robbery.

After testimony completed, Womack moved for a directed verdict of acquittal, which the court denied. The court's jury instructions included the Eleventh Circuit Pattern Jury Instruction with respect to aiding and abetting liability. The jury found Womack guilty of both Counts 1 and 3.

According to the presentence investigation report ("PSI"), Womack was subject to a guideline range of 84 to 105 months' imprisonment on Count 1. With respect to Count 3, Womack was subject to a mandatory consecutive minimum term of 10 years' imprisonment, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), because a firearm was discharged during the offense. Neither party filed objections to the PSI.

At the sentencing hearing, neither Womack nor the government objected to the factual findings or guideline calculations contained in the PSI, and the court adopted the PSI, finding that the guideline calculations were accurate. The court sentenced Womack to 216 months' imprisonment, consisting of 96 months on Count 1 and a consecutive term of 120 months on Count 3, to be followed by 5

years' supervised release.  At the conclusion of the sentencing proceeding, both of the parties stated that they had no additional objections.

## II.

We "consider[] sentence objections raised for the first time on appeal under the plain error doctrine to avoid manifest injustice."  *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995).  In order for us to correct plain error, "(1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights."  *Id.*  If these criteria are met, we may correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993).

Under 18 U.S.C. § 924(c)(1)(A)(iii), "any person who, during and in relation to any crime of violence . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . .[,] (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."  18 U.S.C. § 924(c)(1)(A)(iii).  Section 2 of Title 18 provides that "[w]hoever . . . aids, abets, counsels, commands, induces or procures [the commission of an offense against the United States] is punishable as a principal."  18 U.S.C. § 2(a).

## III.

As an initial matter, the parties' arguments on appeal are based on whether Womack can be held responsible for Donald's discharge of the firearm under *Pinkerton*, which addresses conspiracy liability. *See Pinkerton v. United States*, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946) (holding that criminal defendants are liable for the reasonably foreseeable actions of their co-conspirators). However, we have held that, "although a conspirator may be held liable for substantive crimes committed by a co-conspirator in furtherance of the conspiracy . . . [a defendant's] conviction cannot . . . be sustained on a *Pinkerton* theory" if the district court did not give a *Pinkerton* jury instruction. *United States v. Raffone*, 693 F.2d 1343, 1346 (11th Cir. 1982). In the present case, the district court did not instruct the jury on *Pinkerton* liability. Therefore, application of the § 924(c)(1)(A)(iii) statutory enhancement "cannot . . . be sustained on a *Pinkerton* theory." *See id.* Nevertheless, because Womack was charged with aiding and abetting the § 924(c) offense, and because the jury was instructed on an aiding and abetting theory, we sustain the application of the § 924(c)(1)(A)(iii) enhancement because, as discussed below, the evidence was sufficient to establish that Womack aided and abetted the § 924(c) offense, which involved the discharge of a firearm. *See id.* (rejecting a *Pinkerton* theory of liability because no *Pinkerton* jury instruction was given, but affirming the

6

defendant's convictions under theories of constructive possession and aiding and abetting liability).

"To prove aiding and abetting a § 924(c) offense, the government must show that the substantive offense of carrying or using a firearm in relation to a crime of violence was committed, that the defendant associated himself with the criminal venture, and that he committed some act that furthered the crime." *United States v. Williams*, 334 F.3d 1228, 1232 (11th Cir. 2003). At trial, Donald admitted discharging the firearm while committing a crime of violence – the bank robbery. Witnesses corroborated this testimony, stating that Donald entered the bank and fired two shots into the ceiling. The evidence also established that Womack associated himself with the bank robbery and committed acts in furtherance of both the bank robbery and the discharge of the firearm. With respect to the bank robbery, Donald testified that Womack drove him to the bank to commit the robbery and, after the robbery, drove the get-away car. With respect to the § 924(c) offense, Donald testified that Womack arranged to pick up the firearm that would be used in the robbery, drove to pick up the firearm, and took possession of the firearm. The evidence, therefore, established that Womack aided and abetted the commission of the § 924(c) offense, which involved the discharge of the firearm. *See id*. Because Womack aided and abetted the offense, he "is

7

punishable as a principal." 18 U.S.C. § 2(a). Accordingly, the district court did not plainly err in applying the 10-year consecutive sentence set forth in 18 U.S.C. § 924(c)(1)(A)(iii), and we affirm Womack's 216-month sentence.

**AFFIRMED.**