[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10716
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-14069-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED E. DAKING, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 2, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred Daking appeals his 180-month prison sentence, a downward deviation from the Guidelines sentence range of 235-240 months,[1] imposed after he pled guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1).  Daking seeks the vacation of his sentence on the ground that it is both procedurally and substantively unreasonably.  He contends that his sentence is procedurally unreasonable because the district court erred in applying U.S.S.G. §§ 2G2.2(b)(2), 2G2.2(b)(3)(D) and 2G2.2(b)(5), all specific offense characteristics, and that it is substantively unreasonable due to these procedural errors.  We affirm.

## I.

The district court increased the base offense level of Dakings's offense, U.S.S.G. § 2G2.2, by two levels under § 2G2.2(b)(2) because the pornographic material he transmitted "involved a prepubescent minor or a minor who had not attained the age of 12 years."  Daking argues that the court erred because the child to whom he transmitted the pornography—D.R.—was over age twelve when he began transmitting illicit content to him.  Dakings failed to object to the courts § 2G2.2(b)(2) enhancement, so we review the enhancement for plain error.

To prevail, Daking must convince us that the court not only erred, but that the error was plain and prejudicially affected his substantial rights. *United States v. Stevenson,* 68 F.3d 1292, 1294 (11th Cir.1995).  Even then, he would not be

---

[1]  The statutory maximum term of imprisonment was 240 months.  *See* 18 U.S.C. § 2252(b)(1).

entitled to relief unless we conclude that the error seriously affected the fairness, integrity, or public reputation of his sentencing proceeding. *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993).  We find no error here, much less error that is plain.  The search of Daking's computer equipment, and a comparison of the images found to a national child pornography database, revealed that Daking was responsible for images of child victims known to be under twelve.

## II.

Section § 2G2.2(b)(5) requires the district court to increase the base offense level by five levels "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor."  Section § 2G2.2(b)(3)(D) requires the district court to increase the base offense level by six levels if "[d]istribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity, other than illegal activity covered under subdivision (E)."  The invited error doctrine precludes our review of Daking's argument that the district court erred in applying these guidelines in fixing the total offense level for his offense because his attorney, at the sentencing hearing, informed the court that he was withdrawing any objections Dakings may have had to the application of these guidelines.  *See* Doc. 115: 6, 11-12.  *See, e.g., United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (applying invited error doctrine where defendant

3

requested supervised release as a sentence and then contested his eligibility for supervised release on appeal).

## III.

Dakings' argument that his sentence is substantively unreasonable is based on the assumption that the district court erred in applying the guidelines cited above.  Since we do not disturb the court's application of those guidelines, his argument that his sentence is substantively unreasonable fails.

AFFIRMED.